## HOWE *v.* BATCHELDER & a.

A sale of growing trees with a right at a future time, whether fixed or indefinite, to enter upon the land and remove them, conveys an interest in the land, within the statute of frauds, and must be in writing.

Where the sale is of the trees simply, without fixing any time for their removal, the law will imply that it is to be done in a reasonable time.

The plea of defendants that they entered as servants of the vender under the license implied from the sale of the trees, is not sustained by proof that they had bought the trees of the vender and entered on their own account, nor is such license assignable.

Proof that the original purchaser of the trees had paid for all of them, is not admissible, to mitigate the damages in the suit against his assignees, or taking them away.

TRESPASS by *William Howe* against *William, Asa and John Batchelder*, for breaking and entering the plaintiff's close in Jefferson, and cutting down and carrying away one hundred and fifty white ash trees, to which the defendants pleaded :

First, the general issue, which was joined ; and second, that in December, 1864, the plaintiff bargained and sold to one Stephen Batchelder, all the white ash trees, of a certain description, standing and growing on the land, giving the said Stephen Batchelder leave and license to enter upon said close and cut and carry away the trees thus sold, and the defendants say, "that they entered upon said close at the several times of the said supposed trespass as the servants and agents of the said Stephen Batchelder and in order to cut and draw away the said ash trees," &c.   The plaintiff replied that the defendants entered of their own wrong, &c., traversing the plea.

John Batchelder died before the trial.

It appeared that about the 1st of December, 1864, a verbal bargain was made between Stephen Batchelder, the father of the defendant, and the plaintiff, by which it was agreed that Batchelder should take certain ash trees from the land.   The plaintiff testified that the agreement was, that Batchelder should cut and carry off from the lot such of the ash trees as he pleased in that winter, and pay for them at the rate of $6 per M.   That Batchelder paid $60 in advance under the agreement that if he cut more than 10 M. he should pay for the balance at $6 per M., and if less, that the plaintiff should refund for the difference at the same rate ; that Batchelder's right to take the trees was limited to that winter ; that after the cutting tl at winter was finished, it was found that Batchelder had cut 15 M., and that he paid the plaintiff $30 more ;   that this was the final settlement and end of the bargain.   Stephen Batchelder testified that the bargain was for all the ash trees of that description standing on the lot ; that there was no limitation of the time when he was to take them ; that he paid the $60 as the price of all such trees standing on the lot.   The defendants in the winter of 1865-6, went on the lot and cut and carried away a number of the ash trees, which remained after the cutting in the previous winter by Stephen Batchelder, and the last entry and cutting are the trespass complained of. Stephen Batchelder testified that, after he had finished his cutting the first winter, he made a contract respecting the ash trees remaining uncut on the lot, as follows :   " I made a contract with Asa for the company ; I was to show the boys the timber, and assist them what I could in getting it out ; and when sealed, was to have $6 a M. stumpage.   We got the timber all out last winter ;   I superintended the cutting and hauling all the timber last winter."   Asa Batchelder, the defendant, testified on this point, as follows :   " I bought the timber of my father, that he had under his contract, as it stood

at the time; I was to pay my father $6 a M. for the timber; I paid him $40 down, and have made him payments since, but I cannot tell how much. We had nothing to do with Mr. Howe. I bought of father all the timber on this and some other lots. Father sold me the whole on this and the other lots. I paid Stillings and Morris, the men who worked for me in getting the timber off the lot." There was no other evidence that the defendants entered as the servants and agents of Stephen Batchelder under a license to him from the plaintiff.

The court ruled that there was no competent evidence to support the plea that the defendants entered as the servants and agents of Stephen Batchelder under a license to him from the plaintiff; to which the defendants excepted.

The defendants then offered to show in mitigation of damages, that the plaintiff, by the verbal bargain with Stephen Batchelder, sold him all the trees, without any limitation of the time when they were to be taken, and received payment for the trees. The court ruled that the evidence was inadmissible for that purpose; to which the defendants excepted. The plea and replication may be referred to at the hearing.

The jury found a verdict for the plaintiff, which the defendants move to set aside for error in foregoing rulings.

*Fletcher,* for defendants.

1. The contract betwixt plaintiff and Stephen Batchelder, was a sale of the standing trees to the latter.

Littledale, Justice, in giving his opinion in Smith against Surman, 9 Bar. & Cres. says; "If in this case the contract had been for the sale of the trees, with a special liberty to the vendor, to enter the land to cut them, I think would not give him an interest in the land within the meaning of the statute. *Smith* v. *Surman,* 9 Barn. & Cres. 561; 1 Sugdon, V. & P. 84. Stephen Batchelder, bought all the trees of a certain description on the plaintiff's lot and paid for them and sold them to the defendants and they took them off.

Had they a right to take them off?

Stephen Batchelder entered and took off part of the trees, sold his interest in the balance to the defendants, and no objection was made to the said Stephen's taking them on the defendants, and why should the plaintiff object, he had received his pay in full?

The license to enter, and to take off the trees had never been revoked.

2. A license to enter upon land and remove trees therefrom, passes no interest in the land and though not in writing is valid, notwithstanding the statute, *Whitcher & al.* v. *Walker,* 1 Met. 313, and authorities there cited. *Nettleton* v. *Sikes,* 8 Met. 34.

3. The license had been acted upon, and therefore could not be counter-manded, *Taylor* v. *Waters,* 1 Taunt 37.

4. A parol contract even for the sale of lands, is not valid, though

no action can be maintained upon it, *Lane* v. *Shackford*, 5 N. H. 130, 11 N. H. 151, 6 Vt. 383, 10 Vt. 338.

5. If the defendants entered and cut &c., having the interest of Stephen Batchelder, who had paid plaintiff for all the trees, it should have been received in mitigation of damages. This would do justice to avoid circuity.

*J. H. Benton*, same side.

We respectfully submit that the evidence offered by the defendants, in mitigation of damages, should have been received, for the following reasons, viz.:

1. Because it showed directly *how much* the plaintiff was damaged by the breaking and entering of the defendants; and the plaintiff having received *benefit* under the contract with Stephen Batchelder, cannot now deny its validity *so far* as the reception of the money under it is concerned.

If the plaintiff had sold the trees to the party under whom the defendant entered and received his pay, *how much* did the subsequent taking damage him? We think the remarks of Richardson, C. J., in *Hopkins* v. *Crombie*, 4 N. H. 526, are particularly applicable to this case.

2. Because this evidence showed the *intent* with which the defendants broke and entered the plaintiff's close, and though in actions of this kind, the intent is not, in general, admissible to *defeat* the action, we think, it may be also inquired into by the jury in estimating the amount of damages. *Sinclair* v. *Tarbox*, 2 N. H. 135.

*Ray & Ladd*, for plaintiff.

It is admitted that Stephen Batchelder *sold* the trees to defendants. Then they were not acting for or under him, but for themselves in cutting and removing them; and the exception to the ruling, that there was no evidence that they entered as the servants or agents of their father appears to be waived, so that the only question is whether, by virtue of the purchase of their father, the defendants had any legal right to enter.

1. A sale of growing trees, with a right at any future time, whether fixed or indefinite, to enter upon the land and remove them, conveys an interest in the land and so is within the statutes of frauds. *Putney* v. *Day*, 6 N. H., 430; *Olmstead* v. *Niles*, 7 N. H. 522; *Kingsley* v. *Holbrook*, 45 N. H. 319.

2. Whatever the bargain was between the plaintiff and Stephen Batchelder, the latter acquired no title to the trees, because a deed is necessary to convey an interest in land, and he had none.

3. Nothing passed by the sale from Stephen to Asa Batchelder, for the plain reason that Stephen had nothing to convey.

4. A parol license is not assignable. *Carleton* v. *Reddington*, 21 N. H. 291; *Combes* v. *Kidder*, 24 N. H. 364.

5. It follows that the defendants entered without shadow of legal right, and no supposed equities existing between the plaintiff and Stephen Batchelder, can be considered in determining the liability of these defendants, or in fixing the award of damages they should pay.

BELLOWS, C. J. It has been recently decided in this state, upon careful consideration of the conflicting decisions, both in England and the United States, that an agreement for the sale of growing trees, with a right at any future time, whether fixed or indefinite, to enter upon the land and remove them, does convey an interest in the land, and is within the statute of frauds ; and therefore must be in writing, *Kingsley* v. *Holbrook*, 45 N. H. 313.

This decision went upon the ground that standing trees are part and parcel of the land, and go to the heir, while growing crops as wheat and corn, the annual produce of labour and cultivation of the earth, *fructus industriales*, and to be considered as goods and chattels, and go to the executor.

This distinction is at least tolerably explicit and tangible, and avoids many perplexing refinements with which this branch of the law has been burdened, and although it was not strictly necessary, perhaps to settle the question in that case, yet the careful consideration bestowed upon it gives it, we think, the character of a binding authority. The authorities cited, including *Putney* v. *Day*, 6 N. H. 430 ; and *Olmstead* v. *Niles*, 7 N. H. 522 ; from our own descisions, will sustain the doctrine announced.

To these, might be added, *Crosby* v. *Wordsworth*, 6 East. 602; which was the sale of a growing crop of grass held to be within the statute, *Evans* v. *Roberts*, 5 B. & C. 829, where the distinction between the natural and permanent products of the land, such as grass and trees ; and those which come under the discription of emblements, and go to the executor, is fully recognized.

In *Rodwell* v. *Phillips*, 9 M. & W. 501, it was held that a sale of fruit, growing on the trees, is an agreement for the sale of an interest in land, and requires a stamp, although no time was fixed for taking. So this distinction is recognized in *Jones* v. *Flint*, 10 A. & E. 573 ; and see *Hutchins* v. *King*, 1 Wallace U. S. 53.

Upon the authority of *Kingsley* v. *Holbrook*, we consider it settled here, that the sale of growing trees, with the right to cut and remove them at a future time, whether the time be fixed or indefinite, is a sale of an interest in land and must be in writing.

Here, as no time is fixed, but it is merely a sale of the trees, the right to enter and take them in a reasonable time, must be regarded as an incident of the sale, *Gilmore* v. *Wilbur*, 12 Pick. 120.

The defendant has set up a right in Stephen Batchelder to enter upon this land, and take away the timber by virtue of a license from the plaintiff, implied from a sale of the trees, and that the defendants entered under him as his servants. But the proof offered was of a sale by Stephen Batchelder, of these trees to the defendants,

and entering by them on their own account, and not as the servants of Stephen Batchelder.

The evidence offered then, fails to sustain the defence set out in the brief statement, and besides the license if available to Stephen Batchelder, being founded in personal confidence, was *not* assignable, *Carlton* v. *Reddington*, 21 N. H. 291, 305; *Cowles* v. *Kidder & al.*, 24 N. H. 379, and cases cited, *Houston* v. *Laffel*, 46 N. H. 505.

The evidence that plaintiff had received pay of Stephen Batchelder for all the trees, was, we think, rightly rejected. Upon the revocation by the plaintiff, of the license to take the trees, Stephen Batchelder might find some remedy, either at law or in equity, but we think the defendants cannot, in this form enforce it. The money was paid by Stephen Batchelder. He has received part of the timber, and sold the rest to the defendants. Whether the remedy be by recovering back the money paid, or by bill in equity to enforce a specific performance, it would seem that it must be in the name of Stephen Batchelder. At any rate we know of no authority for receiving this evidence in mitigation of damages, and none has been cited.

*Judgment on the verdict.*